PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, JJ.   11.

*For reversal*—None.

---

E. M. WALDRON & COMPANY, PLAINTIFF-RESPONDENT, v. WILLIAM E. GILMORE, DEFENDANT-APPELLANT.

Submitted March 22, 1915—Decided June 14, 1915.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The suit was instituted upon a mechanics' lien, and the verdict of the jury was for the plaintiff.   The parties to the litigation entered into a contract whereby the former was to provide all materials and perform the work necessary to replace and repair everything that was destroyed by fire, water or otherwise, in the building No. 216 Market street, Newark, on January 29th, 1912.   The contractor also agreed to procure and pay for all necessary permits to carry out the contract, and to comply with the city ordinances and regulations necessary for the doing of the contract work.

"The initial steps of the litigation presented difficulties regarding the framing of the pleadings, but the case went to trial upon an issue which the parties, as disclosed by the record, accepted as the only issue in the case, viz., whether the certificates of the architect which the contract required to be furnished as a condition precedent to payment by the defendant were honestly issued; the well settled doctrine

being that if they were so issued the defendant became liable for the contract payments. *Welch* v. *Hubschmidt Co.,* 61 *N. J. L.* 57; *Landstra* v. *Bunn,* 81 *Id.* 680.

"In dealing with the testimony, the trial court accepted that as the real and only issue in the controversy, and the testimony quite manifestly was directed to its elucidation. The rulings of the trial court must, therefore, be viewed in the application of that principle as the law of the case.

"The contract made the final certificate conclusive of the completion of the work, according to the contract; but the court nevertheless allowed defendant to present testimony to show the incompleteness of the work. This had a bearing upon the *bona fides* of the architect in issuing the certificates. The court allowed an amendment of the answer so as to fortify the defendant's position in the introduction of that class of testimony. Under that amendment the defendant was allowed to introduce such testimony as he desired to maintain the issue from his point of view.

"In that situation the court quite properly refused to charge that the plaintiff could not recover unless it had fully performed its contract. Upon that theory the case was submitted to the jury, and we are therefore unable to discover that there was error prejudicial to the defendant in the language of the charge or in the refusal to charge as requested, by the defendant, upon the various matters requested, since they were all practically covered by the general language of the charge, which submitted those incidental matters such as plaintiff's alleged failure to complete the contract to the judgment of the jury as *indicia* of the *mala fides* of the architect in issuing the certificates.

"The building department rules and ordinances, if admissible at all under this issue, were precluded from admission by defendant's failure to plead them. *Delaware River Quarry and Const. Co.* v. *Freeholders,* 86 *N. J. L.* 294.

"Nor does it appear that any exception was noted to the court's ruling in excluding them. In any event the issue was narrowed to the one inquiry indicated. Upon that issue the

case was tried, to that the testimony was directed, and the procedure both of court and counsel at the trial recognized it as the sole inquiry in the case.

"After examination of the entire case as contemplated by the twenty-seventh section of the New Practice act, we are satisfied that the rights of the defendant are in nowise injuriously affected by the rulings upon the testimony or by the charge of the court.

"The judgment will be affirmed."

For the appellant, *Helm & Ready* and *Thomas S. Henry.*

For the respondent, *Frank E. Bradner.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, JJ. 11.

*For reversal*—None.